NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3155

DAVID L. STOUT,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

David L. Stout, of Longview, Washington, pro se.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Arbitrator Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3155

DAVID L. STOUT,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of an arbitrator's decision by Thomas F. Levak.

_____

DECIDED:    November 7, 2008

_____

Before BRYSON, PLAGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner David L. Stout ("Stout") petitioned for review of an arbitrator's decision affirming his 90-day suspension from his hydropower project operator position at the Portland District of the U.S. Army Corps of Engineers ("agency"), at John Day Dam ("Dam").  We <u>affirm in part, reverse in part, and remand in part</u>.

BACKGROUND

Stout resides in Longview, Washington, approximately 165 miles west of the Dam, which is located near Rufus, Oregon.  Stout worked a twelve-hour shift between 6:30 a.m. and 6:30 p.m.; when he started work early, he was entitled to leave early. Stout's position at the agency is part of a bargaining unit covered by a labor contract.

On April 12, 2004, after working part of his shift, Stout was sent by the agency to a fitness for duty medical examination in Hood River, Oregon, to check a pulmonary

condition. The driving distance between the Dam and the doctor's office was approximately 60 miles.

The next day, Stout reported to his supervisor that the medical examination caused him to work an hour of overtime. In September 2004, Stout submitted a travel voucher for the April 12th appointment, claiming reimbursement for 207 miles (approximately twice the driving distance from his home to the clinic) and a $12.00 lunch.

In January 2007, the agency removed Stout for three sustained charges of misconduct: (1) That Stout falsely claimed having worked one hour of overtime on April 12, 2004; (2) That Stout falsely claimed to have driven from his home in Longview, Washington to his appointment in Hood River, Oregon, and then back to Longview, in order to inflate his mileage claim; and (3) That Stout falsely claimed entitlement to reimbursement for lunch on April 12, 2004. The agency's final grievance decision mitigated the removal to a 90-day suspension. Stout then obtained review of the agency's decision by an arbitrator. The arbitrator found that the agency's decision to suspend Stout for 90 days was for just and sufficient cause, and denied Stout's grievance.

Stout timely petitioned for review to this court, and we have jurisdiction pursuant to 5 U.S.C. § 7121(f) and 5 U.S.C. § 7703(a)(1), (b)(1).

DISCUSSION

We review the arbitrator's decision under the same standards that apply to appeals from decisions of the Merit Systems Protection Board. See 5 U.S.C. § 7121(f); Cornelius v. Nutt, 472 U.S. 648, 661 n.16 (1985). We must affirm the arbitrator's

decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Stout argues that there was not substantial evidence to prove that he acted with fraudulent intent as to the overtime claim. "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB., 305 U.S. 197, 229 (1938). Intent may be proven directly or derived from circumstantial evidence. Naekel v. Dep't of Transp., 782 F.2d 975, 978 (Fed. Cir. 1986). The arbitrator found that if, after leaving the doctor's office, Stout's drive from the clinic to the Dam would have taken him beyond his normal work hours, he would have been entitled to overtime. Prior to arbitration, the parties stipulated[1] that the doctor's appointment was at 3:30 p.m. and that Stout left the Clinic between 60 and 90 minutes later. In addition, the parties agreed that the drive from the clinic to the Dam would take one hour. Stout contends that he started work that day at 5:30 a.m.; that he stayed at the doctor's office until 5:30 p.m.; and (with the hour's drive time) he worked until 6:30 p.m. or a total of 13 hours, entitling him to one hour in overtime compensation. The arbitrator found Stout's testimony not credible. The arbitrator determined that Stout's testimony as to when he left the clinic was inconsistent with both the parties' stipulations and Stout's later travel reimbursement request in which he stated that he left the clinic at 4:30 p.m. The arbitrator found that

---

[1] In footnote 8 of his brief, Stout states that no stipulations were made, but this is incorrect. Based upon the transcript of the proceedings in the agency's appendix, stipulations were made and accepted by the arbitrator during oral argument.

Stout left the clinic at 4:30 p.m. and that the drive to the Dam could have taken one hour. Even if Stout was entitled to stop work at 5:30 p.m., he would have arrived at the Dam by 5:30 p.m. Thus, when Stout requested the hour of overtime, he was aware that he was not entitled to it. We conclude that the record contains substantial evidence that Stout acted with fraudulent intent as to the overtime claim.

In addition, Stout argues that there was not substantial evidence to prove that he acted with fraudulent intent as to the mileage claim. Intent may also be inferred when a misrepresentation is made with reckless disregard for the truth. Haebe v. Dep't of Justice, 288 F.3d 1288, 1306 n. 35 (Fed. Cir. 2002). Stout made a claim for 207 miles, which he stated was the roundtrip mileage from his home in Longview, Washington to the clinic. The agency contents that he was only entitled to 120 miles, the roundtrip from the Dam to the doctor's office, because his trip started and ended at the Dam. All parties agreed that Stout started the day at the Dam and that he drove from the Dam to the clinic. It is therefore undisputed that Stout's claim inflated his outgoing mileage request by approximately 40 miles. In addition, the arbitrator concluded that Stout had driven back to the Dam and not to his home in Longview, Washington based on prior EEOC deposition testimony by Stout. During the prior EEOC deposition testimony, Stout testified that he virtually never drove home to Longview, Washington during a workweek (a distance of approximately 150 miles). Moreover, Stout did not verify whether or not he worked at the Dam on April 12 before submitting the request, and Stout testified that at the time he made the request he could not recall whether he drove to the clinic from his home or from the Dam. The arbitrator found that this was proof that his statements were recklessly made, without regard to their falsity. The record

contains substantial evidence that Stout acted with fraudulent intent as to the mileage claim.

Stout argues that the arbitrator's decision that his testimony lacked credibility as to the overtime and mileage claims was arbitrary and capricious. "Credibility determinations are within the discretion of the arbitrator and are virtually unreviewable on appeal." Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 939 (Fed. Cir. 2000) (en banc). The arbitrator made a finding that Stout's explanations could not be believed because his story had changed over time. We see no basis for overturning the arbitrator's credibility determinations as to the overtime and mileage claims.

Stout argues, and the agency concedes, that the arbitrator's finding that Stout submitted a false claim for lunch reimbursement was not supported by substantial evidence. A charge of falsification necessitates proof that the employee "knowingly supplied wrong information . . . with the intention of defrauding the agency." Naekel, 782 F.2d at 977. The record contains no evidence that Stout had not eaten that day, that Stout misstated the amount of money he paid for the meal, or that Stout knew he was not entitled to claim reimbursement for the meal. Accordingly, we reverse on this issue, and remand for the arbitrator to reassess the penalty.

Stout also contends that in connection with the penalty determinations, the arbitrator committed prejudicial error when Stout was denied access to travel reimbursement claims from other members of the bargaining unit. The consistency of the penalty between similarly situated employees is one of the Douglas factors. Douglas v. Veterans Admin., 5 M.S.P.R. 280, 303 (M.S.P.B. 1981). Before arbitration, the parties stipulated that "[w]ithin the last five years, there has been no comparable

misconduct within the bargaining unit; that is, no bargaining unit members were found by the [a]gency to have falsified time sheets or travel vouchers." Arbitrator's Opinion and Award at 3. The arbitrator specifically found that there was "no persuasive evidence whatsoever that any other bargaining unit employee was ever found by the [a]gency to have committed fraud." Id. at 12. Therefore, there were no similarly situated employees for comparison under the Douglas factors. The arbitrator did not commit prejudicial error in denying the request.

Stout argues that the agency pursued these charges, and discriminated against him, in retaliation for an EEOC claim he previously filed. The arbitrator concluded that the parties had stipulated that Stout was withdrawing any reprisal or discrimination defense. Arbitrator's Opinion and Award at 3. This is consistent with the Union's Post-Hearing Brief to the arbitrator, where there is no argument about a reprisal or discrimination defense. "[W]e do not consider issues that were not raised in the proceedings below." Frank v. Dep't of Transp., Fed. Aviation Admin., 35 F.3d 1554, 1559 (Fed. Cir. 1994).

Stout argues that the 90-day suspension was an unreasonable penalty. In light of the necessity for remand, we do not address this issue.

For these reasons, we affirm in part, reverse in part, and remand in part.

COSTS

No costs.